Erika Angelos Heath (SBN 304683)
FRANCIS MAILMAN SOUMILAS, P.C.
369 Pine Street, Suite 410
San Francisco, CA 94104
T:       (628) 246-1352
F:       (215) 940-8000
eheath@consumerlawfirm.com


John Soumilas*
Lauren KW Brennan*
FRANCIS MAILMAN SOUMILAS, P.C.
1600 Market Street, Suite 2510
Philadelphia, PA 19103
T:       (215) 735-8600
F:       (215) 940-8000
jsoumilas@consumerlawfirm.com
lbrennan@consumerlawfirm.com

*Attorneys for Plaintiff
and the Proposed Class*

*pro hac vice forthcoming*

# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF CALIFORNIA
# SAN FRANCISCO/OAKLAND DIVISION

| | |
|---|---|
| BARBARA WRIGHT, individually and on behalf of others similarly situated, | CASE No. 4:23-cv-2025 |
| Plaintiff, | **COMPLAINT - CLASS ACTION** |
| v. | **FAIR CREDIT REPORTING ACT** |
| FOCUS STAFF SERVICES LP, | **JURY TRIAL DEMANDED** |
| Defendant. | |

On behalf of herself and all others similarly situated, Plaintiff BARBARA WRIGHT files this complaint - CLASS ACTION against Defendant FOCUS STAFF SERVICES LP ("Focus" or "Defendant"), alleging as follows:

## I. INTRODUCTION

1. This is a consumer class action under federal law brought on behalf of applicants for employment with Focus, a staffing company that coordinates job postings for travelling nurses and others.

2. Focus systematically violates the rights of job applicants about whom it obtains consumer reports (also called "background checks") provided by section 1681b(b)(3) of the Fair Credit Reporting Act ("FCRA") by using consumer reports to take adverse employment actions without, *beforehand*, providing the person who is the subject of the report sufficient and timely notification and a copy of the report and a summary of rights under the FCRA.

3. These failures leave applicants without any meaningful opportunity to correct any errors on the report.

4. The FCRA regulates the use of "consumer reports" for employment purposes, commonly called "background reports." Congress included in the statutory scheme a series of due-process-like protections that impose strict procedural rules on "users of consumer reports," such as Focus. This action involves Focus's systematic violations of several of those important rules.

5. Plaintiff was denied employment with Focus based upon a standardized background screen conducted by Accurate Background LLC. ("Accurate").

6. Upon information and belief, Focus contracts with Accurate to perform a standardized background screen on all applicants who apply to Focus for hire or promotion.

7. Accurate prepared such a report about Plaintiff for Focus that attributed information about a drug-related felony conviction from Maricopa County, Arizona to Plaintiff, but according to information on the face of publicly available court records, the conviction pertains to another person with a different name.

8. In violation of the FCRA, Focus willfully and negligently failed to comply with the FCRA's mandatory pre-adverse action notification requirement, and failed to provide a copy of the inaccurate background report it obtained from Accurate Background, before the adverse action occurred, as required by 15 U.S.C. § 1681b(b)(3). Every year, individuals who have applied to Focus for employment have been similarly aggrieved by the same violation of 15 U.S.C. § 1681b(b)(3).

9. Pursuant to 15 U.S.C. §§ 1681n and 1681o, Plaintiff seeks monetary relief for herself and a class of similarly situated employment applicants for whom Focus failed to comply with FCRA section 1681b(b)(3)'s pre-adverse action notification requirements.

## II.   PARTIES

10. Plaintiff is a natural person who lives in Oakland, California.

11. Defendant Focus is a limited partnership that regularly conducts business in this District.

## III.   JURISDICTION AND VENUE

12. The Court has federal question jurisdiction under the FCRA, 15 U.S.C. § 1681p, and 28 U.S.C. § 1331.

13. Venue is proper in this Court because Focus can be found in this District. 28 U.S.C. § 1391(b)(3). Defendant regularly sells its products and services in this District.

14. Pursuant to L.R. 3-2(c)-(d), this case should be assigned to the San Francisco/Oakland Division of this Court because a substantial part of the events or omissions which gave rise to the lawsuit occurred in Alameda County.

## IV.   FACTUAL ALLEGATIONS

**Focus's Use of Accurate's Screening Services**

15. Accurate is a consumer reporting agency which provides "consumer reports," as defined by 15 U.S.C. § 1681a(d)(1)(B), background and employment screening services, and decision-making intelligence to prospective employers.

16. Accurate investigates and reviews public record and private databases and assembles and/or maintains consumer files which contain public record information concerning, among other things, the alleged criminal record history of individuals.

17. From its files, Accurate sells consumer reports to potential employers (such as Focus) wishing to review the criminal record history, or lack thereof, of various job applicants or employees.

18. In addition to providing background reports, Accurate offers to its employment screening customers an enhanced service where, in addition to creating a background report about an applicant or employee, Accurate will also review the report to determine whether it meets the employer's hiring criteria. Under this service, the employer develops a "matrix" together with Accurate which establishes the records that will disqualify the applicant or employee and lead to an adverse action if they appear on a background report. Accurate then applies these standards as part of the creation of the report, delivering a "score" or "flag" on the face of the report indicating whether the candidate is eligible or ineligible for employment. This type of enhanced background screening service is known in the background screening industry as "adjudication."

19. The adjudication service is attractive to Accurate's customers, such as Focus, who are constantly hiring and promoting in high volumes because it provides the customer with a remote, outsourced tool to make employment decisions rapidly.

20. Accurate offers customers the possibility of using its screening service both to screen applicants for employment, and current employees either on a recurring basis, or in connection with a promotion or transfer to a different role.

21. Focus used and/or continues to use Accurate's screening services to conduct background checks on applicants for employment and employees.

22. The background reports resulting from these services are obtained by and delivered to Focus.

23. Under the FCRA, any "person" using a consumer report, such as Focus, who intends to take an "adverse action" on a job application "based in whole or in part" on information

1  obtained from the consumer report must provide notice of that fact to the consumer-applicant, and
2  must include with the notice a copy of the consumer report and a notice of the consumer's dispute
3  rights under the FCRA, before taking the adverse action.  15 U.S.C. § 1681b(b)(3)(A); *see also*
4  *Magallon v. Robert Half Int'l, Inc.*, 311 F.R.D. 625, 633-35 (D. Or. 2015) (certifying 1681b(b)(3)
5  claims of class of applicants for placement through a staffing agency);  *Goode v. LexisNexis Risk*
6  *& Info. Analytics*, 848 F. Supp. 2d 532, 542 (E.D. Pa. 2012) (more than one business can be a user
7  of a single background report; "Under the FCRA, 'person' means any individual, partnership,
8  corporation, trust, estate, cooperative, association, government or governmental subdivision or
9  agency, or other entity. § 1681a(b). Thus, defendant is a person and must comply with §
10 1681b(b)(3)(A).").

11       24.    There is longstanding regulatory guidance for employers making clear their
12 obligations and the protections afforded to job applicants under the FCRA.  The Federal Trade
13 Commission ("FTC") has long held that Section 604(b)(3)(a) [15 U.S.C. § 1681b(b)(3)(A)]
14 "requires that all employers who use consumer reports provide a copy of the report to the affected
15 consumer before any adverse action is taken.  Employers must comply with this provision even
16 where the information contained in the report (such as a criminal record) would automatically
17 disqualify the individual from employment or lead to an adverse employment action.  Indeed, this
18 is precisely the situation where it is important that the consumer be informed of the negative
19 information in case the report is inaccurate or incomplete." *See* Federal Trade Commission letter
20 dated June 9, 1998 to A. Michael Rosen, Esq.

21       25.    A primary reason Congress required that a person intending to take an adverse
22 action based on information in a consumer report provide the report to the consumer before taking
23 the adverse action is so the consumer has time to review the report and dispute information that
24 may be inaccurate or discuss the report with the prospective employer before adverse action is
25 taken. *See* Federal Trade Commission letter dated December 18, 1997 to Harold R. Hawkey, Esq.
26 ("[T]he clear purpose of the provision to allow consumers to discuss reports with employers or
27 otherwise respond before adverse action is taken.").
28

26. The reasons for the "pre-adverse action notice" requirement with regard to employment situations are to alert the job applicant that he is about to experience an adverse action, such as a rejection, based on the content of a report, and to provide him or her an opportunity to challenge the accuracy or relevancy of the information with the consumer reporting agency or the user before that job prospect or job is lost.

27. Pursuant to its standardized procedures, Focus does not provide job applicants with a copy of their consumer reports or a statement of their FCRA rights before it takes adverse action against them based upon the information in such reports, despite being required to do so by section 1681b(b)(3)(A) of the FCRA.

28. Rather, Focus only sends consumers a copy of the background check and statement of FCRA rights after it has removed the applicant or employee from eligibility for employment.

29. The FCRA statutory text, the FTC opinions and the cases cited constitute significant authority that existed during the time Defendant failed to comply with the pre-adverse action requirements of 15 U.S.C. § 1681b(b)(3)(A).

**The Experience of Plaintiff Barbara Wright**

30. In or around January 2022, Plaintiff completed an application for employment with Focus as a travel Certified Nursing Assistant.

31. On or about January 19, 2022, Focus extended an offer of employment to Plaintiff, which was conditional upon completion of a background check.

32. On or about January 27, 2022, Focus requested a background check about Plaintiff from Accurate.

33. On or about February 7, 2022, Accurate completed the requested background check about Plaintiff and provided it to Focus.

34. The background check contained information about a criminal record from Maricopa County, Arizona that Accurate attributed to Plaintiff.

35. Specifically, the background check identified a felony conviction for "Possession or Use of Dangerous Drugs" with a case number "CR2013-113697."

36. This criminal record does not pertain to Plaintiff, but rather to a "Bernard Wright" with a different date of birth and social security number from Plaintiff's, as shown by the publicly available record of case number CR 2013-113697 in the Superior Court of the State of Arizona, County of Maricopa.

37. The background check Accurate prepared about Plaintiff for Focus contained criminal record information that was inaccurate and materially misleading.

38. Pursuant to its standardized procedures, upon receiving the February 7, 2022 consumer report, Focus immediately removed Plaintiff from hiring consideration.

39. Upon information and belief, the criminal record information in the background check that Accurate prepared about Plaintiff caused her to be deemed or otherwise adjudicated ineligible for employment with Focus pursuant to a rubric previously agreed upon between Focus and Accurate.

40. Upon information and belief, at the time Focus received Accurate's background check about Plaintiff, it adopted Accurate's adjudication of Plaintiff's ineligibility and permanently and decisively removed her from hiring consideration with Focus.

41. On or about February 9, 2022, before Plaintiff had reviewed a copy of the February 7, 2022 report, a representative of Focus contacted Plaintiff and informed her that Focus would not move forward with her application due to information on the Accurate report, which Plaintiff had never seen.

42. Upon information and belief, if Accurate had provided a complete and accurate background check to Focus on or about February 7, 2022, Plaintiff would not have suffered any adverse action with respect to her application for employment with Focus.

43. Focus effectively denied Plaintiff any opportunity to meaningfully dispute or discuss the presence of the inaccurate and misleading criminal records information on the Accurate background check.

44. As a direct and proximate result of Focus's conduct, Plaintiff suffered financial harm in the form of loss of employment and its corresponding wages and intangible harm when she was portrayed to a potential employer in a false and defaming light.

45. Upon information and belief, the above alleged conduct occurred in the normal course of business for Focus and in accordance with its standard operating practices and procedures then in effect.

## V.   CLASS ACTION ALLEGATIONS

46. Plaintiff brings this class action on behalf of the following Class:

> During the period beginning five (5) years prior to the filing of this lawsuit and continuing until the date on which the Court enters an Order certifying the Class, all persons with an address within the United States, its Territories, and other political subdivisions, (1) about whom Defendant Focus Staff Services LP obtained a consumer report for employment purposes, and (2) took adverse action against that individual based upon the information on the report without first providing the individual with notice, a copy of the report, and a statement of FCRA rights.

47. Plaintiff reserves the right to amend the definition of the Class based on discovery or legal developments.

48. **Numerosity.** Fed. R. Civ. P. 23(a)(1). The Class members are so numerous that joinder of all is impractical. Upon information and belief, Defendant procures and uses hundreds if not thousands of consumer reports on applicants for employment each year, and those persons' names and addresses are identifiable through documents maintained by Defendant.

49. **Existence and Predominance of Common Questions of Law and Fact.** Fed. R. Civ. P. 23(a)(2). Common questions of law and fact exist as to all members of the Class, and predominate over the questions affecting only individual members. The common legal and factual questions include, among others:

   a. Whether Defendant failed to provide each applicant for employment a copy of their consumer report before Defendant took adverse action based upon the consumer report;

     b. Whether Defendant failed to provide each applicant for employment a copy of their written notice of FCRA rights at least five business days before Defendant took adverse action based upon the consumer report; and

     c. Whether Defendant acted willfully or negligently in disregard of the rights of employment applicants in their failure to permit their employees and automated systems to send employment applicants their full consumer report and a written statement of their FCRA rights at least five business days before taking adverse action based on the consumer report.

50. **Typicality.** Fed. R. Civ. P. 23(a)(3). Plaintiff's claims are typical of the claims of each Class member. Plaintiff has the same claims for statutory and punitive damages that she seeks for absent class members.

51. **Adequacy.** Fed. R. Civ. P. 23(a)(4). Plaintiff is an adequate representative of the Class. Her interests are aligned with, and are not antagonistic to, the interests of the members of the Class she seeks to represent, she has retained counsel competent and experienced in such litigation, and she intends to prosecute this action vigorously. Plaintiff and her counsel will fairly and adequately protect the interests of members of the Class.

52. **Predominance and Superiority.** Fed. R. Civ. P. 23(b)(3). Questions of law and fact common to the Class members predominate over questions affecting only individual members, and a class action is superior to other available methods for fair and efficient adjudication of the controversy. The statutory and punitive damages sought by each member are such that individual prosecution would prove burdensome and expensive given the complex and extensive litigation necessitated by Defendant's conduct. It would be virtually impossible for the members of the Class individually to redress effectively the wrongs done to them. Even if the members of the Class themselves could afford such individual litigation, it would be an unnecessary burden on the courts. Furthermore, individualized litigation presents a potential for inconsistent or contradictory judgments and increases the delay and expense to all parties and to the court system presented by the complex legal and factual issues raised by Defendants' conduct. By contrast, the class action

device will result in substantial benefits to the litigants and the Court by allowing the Court to resolve numerous individual claims based upon a single set of proof in a unified proceeding.

### VI.   CLAIMS FOR RELIEF

**COUNT I**
**VIOLATION OF THE FAIR CREDIT REPORTING ACT**
**15 U.S.C. § 1681b(b)(3)**

53. Plaintiff incorporates by reference those paragraphs set out above as though fully set forth herein.

54. Plaintiff is a "consumer," as defined by section 1681a(c) of the FCRA.

55. Defendant is a "person," as defined by section 1681a(b) of the FCRA.

56. The Accurate background check prepared about Plaintiff for Defendant is a "consumer report," as defined by section 1681a(d) of the FCRA.

57. The FCRA provides that any person "using a consumer report for employment purposes" who intends to take any "adverse action based in whole or in part on the report," must provide the consumer with a copy of the report and a written description of the consumer's rights under the FCRA, as prescribed by the Federal Trade Commission, before taking such adverse action. 15 U.S.C. § 1681b(b)(3)(A).

58. For purposes of this requirement, section 1681a(k)(1)(B)(ii) of the FCRA defines an "adverse action" as "any . . . decision . . . that adversely affects any current or prospective employee[.]"

59. Defendant regularly uses background reports for employment purposes, including with respect to Plaintiff and members of the Class.

60. Before taking adverse action based in whole or in part on a consumer report, Defendant, as a user of consumer reports for employment purposes, must provide to the consumer to whom the report relates a copy of the report and a written description of the consumer's rights under the FCRA. 15 U.S.C. §§ 1681b(b)(3)(A)(i) and (ii).

61. Defendant willfully and negligently violated section 1681b(b)(3) of the FCRA by taking adverse action against Plaintiff and members of the Class before providing them the mandated notice, which includes a copy of the consumer report, and a written description of the consumer's rights under the FCRA.

## VII.  PRAYER FOR RELIEF

WHEREFORE, Plaintiff and the Class pray for relief as follows:

62. An order certifying the case as a class action on behalf of the proposed Class under Federal Rule of Civil Procedure 23 and appointing Plaintiff and the undersigned counsel of record to represent same;

63. An award of actual, statutory and punitive damages for Plaintiff and the Class;

64. An award of pre-judgment and post-judgment interest as provided by law;

65. An award of attorneys' fees and costs; and

66. Such other relief as the Court deems just and proper.

Dated: April 26, 2023                                      Respectfully submitted,

By:   */s/Erika Heath*
Erika Angelos Heath
FRANCIS MAILMAN SOUMILAS, P.C.
369 Pine Street, Suite 410
San Francisco, CA 94104
Tel:      (628) 246-1352
Fax:     (215) 940-8000
eheath@consumerlawfirm.com

John Soumilas*
Lauren KW Brennan*
FRANCIS MAILMAN SOUMILAS, P.C.
1600 Market Street, Suite 2510
Philadelphia, PA 19103
T: (215) 735-8600
F: (215) 940-8000

jsoumilas@consumerlawfirm.com
lbrennan@consumerlawfirm.com

*Attorneys for Plaintiff
and the Proposed Class*

*pro hac vice forthcoming

## JURY TRIAL DEMAND

Plaintiff demands trial by jury on all issues.

Dated: April 26, 2023

Respectfully submitted,

By: */s/Erika Heath*
Erika Angelos Heath

*Attorneys for Plaintiff
and the Proposed Class*